**BROWN AND CALVERT FIRE INSURANCE CO., Plaintiff-Appellees, v. FOLLROD et, Defendants-Appellants.**

Ohio Appeals, Second District, Madison County.

No. 208.   Decided February 18, 1956.

Wiles & Doucher, Columbus, for plaintiffs-appellees.
Jackman & Nichols, London, for defendants-appellants.

## OPINION

By THE COURT:

Three motions have been filed in this appeal which we designate Nos. 1, 2 and 3 in the chronological order in which they have been filed.

No. 1 is a motion of plaintiffs-appellees to dismiss the appeal upon the contention that the order appealed from is not a final order.

Motion No. 2 is by the appellant, Ray Follrod, for an order reversing the order of the Common Pleas Court made on October 14, 1955, for the reason that appellees have failed to file a brief within 15 days after December 23, 1955, as required by Rule VII.

Motion No. 3, filed by defendant-appellant, Roy Follrod, is for an order "staying or suspending the final order of the Common Pleas Court entered on October 14, 1955, in the proceeding wherein a judgment erroneously entered August 8, 1953, was certified to the Bureau of Motor Vehicles under the financial responsibility law and for the reversal of which this appeal has been filed."

Counsel for appellees, on motion No. 1 cite no authority in support of the contention that the order sought to be appealed from is not final. It answers the definition of a final order as found in §2505.02 R. C. in that it affected a substantial right, determined the action and prevented a judgment. Without respect to the reason upon which the Court predicated its order, the effect was a dismissal of appellant's petition,—a final order. Eagan v. N. Y. C. & St. L. Ry. Co., 5 O. C. C. (N. S.) 482, **Cox v. Cox, 104 Oh St 611.**

The first motion will be overruled.

The second motion will be overruled for the reason that with or without a brief on the part of the appellees, the order of the Common Pleas Court may not be reversed by default. It is incumbent upon appellant to establish prejudicial error in the entering of the order from which the appeal is prosecuted. The burden on an appeal is not upon the appellee, but upon the appellant, which burden cannot be shifted by any default of the appellee.

The principle purpose of Rule VII of this Court is to expedite the adjudication of appeals. Its enforcement penalizes an appellant for failure to file briefs within the rule by dismissing his appeal. The only penalty that appellee may suffer is in the refusal to entertain his briefs or to refuse to defer the hearing of the appeal though he may not have filed briefs.

The third motion seeks a stay of the **final order** of the Common Pleas Court of October 14, 1955, wherein a judgment against defendant-appellant of August 8, 1953 was certified to the Bureau of Motor Vehicles under the financial responsibility law. (Emphasis ours.)

It is said that the application invokes the provision of §2505.17 R. C. which provides, under certain conditions, that a final order may be stayed, on such terms as are prescribed by the Court in which the appeal is filed, or by a judge, thereof.

For the purposes of the motion, we assume that the appellant has invoked the right section of the Code and that he is entitled to whatever relief can be accorded if his motion is sustained.

The action of the Common Pleas Court which is made the subject of this appeal is the dismissal of appellant's petition seeking the vacation of a judgment entered in behalf of plaintiffs-appellees and against this defendant-appellant, a joint defendant, Stanley Follrod. The grounds of the vacation are that the petitioner was a minor at the time judgment was entered and at the time of his action to vacate the judgment, and, that no lawful service of summons was made upon him in the action in which the judgment was taken nor was any guardian ad litem appointed to make defense for him. Upon this petition, summons was had upon the individual plaintiff, Phillip E. Brown, but none was secured on the Calvert Fire Insurance Company, the other plaintiff, although attempt was made to serve it at the address given by it at the time of the original action against defendants.

On November 30, 1955, the Court journalized its order dismissing defendant's application and petition for vacation for the reason that no service of summons had been made on the judgment creditors and therefore, the Court had no jurisdiction with respect to said motion. On October 14, 1955, the trial judge had ordered that the Clerk of the Common Pleas Court send a certified copy of the judgment of plaintiffs against defendant-appellant, Ray Follrod, to the Ohio Bureau of Motor Vehicles.

We recognize upon the facts appearing that there are certain equities which appear to be favorable to the appellant and certain harm which may result to him by reason of the certification of the judgment to the Registrar of Motor Vehicles.

The order of October 14, 1953 was not a final order. If it were, appellant has not saved the right to test it because the notice of appeal is not filed within time.

The obligation of §4509.35 R. C. to certify a copy of the judgment to the Registrar of Motor Vehicles is enjoined upon the Clerk, a ministerial duty. It is a mandatory requirement when the conditions of the section obtain, namely, that a judgment debtor has failed within 30 days to satisfy a judgment against him, and written request has been made by the judgment creditor, or his attorney, for the forwarding of the certified copy.

Of course, the order of the Court upon the request of counsel for the judgment creditors afforded direction to the Clerk to do that which the statute required him to do.

No relief can be afforded appellant from the specific provisions of §4509.35 R. C., until the judgment of August 8, 1953, is suspended or vacated. The procedure to accomplish vacation of a judgment is recognized by counsel for appellant, set out in the statutes and discussed in an opinion from this Court, Canal Winchester Bank v. Exline et al, 61 Oh Ap 253, wherein is cited a leading case, although from a nisi prius court, Metzger v. Zeissler, 13 N. P. (N. S.) 49. The Exline case involved the vacation of a judgment during term, but the discussion therein is general.

The trial judge, had it exercised jurisdiction, if it found that defendant-appellant made a prima facie case supporting his petition should have suspended the judgment and held it in abeyance until issues could

have been made up and determined as to the right to have the judgment vacated. Notice of such action transmitted to the Registrar of Vehicles, no doubt would have stayed any action on his part.

This Court may not enter an order suspending or vacating the judgment against appellant. The appeal here on question of law is from the dismissal of appellant's petition. The order in this Court, if we support the claim of appellant, will be a reversal of the dismissal of the petition and a remand with instructions to entertain, consider, and pass upon the petition. At this juncture we may not resolve any issue which might be joined on the averments of the petition. In other words, no order that we could make on this appeal could affect the validity of the judgment sought to be vacated. Without such an order, we would have no power to stay the effect of the certification of the judgment to the Registrar of Motor Vehicles.

The third motion will be overruled.

We will entertain the appeal on its merits which is ready for presentation, on February 23, 1956.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.